## M. W. KERR v. STATE.
### No. 16894.

Court of Criminal Appeals of Texas.

June 6, 1934.

W. F. Schenck, of Lubbock, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for burglary; punishment, three years in the penitentiary.

The record is here without statement of facts or bills of exception. There are a number of exceptions to the court's charge, which cannot be appraised in the absence of a statement of facts. Appellant asked four special charges which were refused, but none of which present error that can be detected in the absence of a statement of facts. Other matters of procedure appear regular.

The judgment will be affirmed.

## Eddie LONGORIA v. STATE.
### No. 16633.

Court of Criminal Appeals of Texas.

May 9, 1934.

Homer R. Maxwell, of Harlingen, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for receiving and concealing stolen property; punishment, two years in the penitentiary.

The record is here without statement of facts or bills of exception. All matters of procedure appear regular.

The judgment will be affirmed.

## Raul MARTINEZ, alias Ruben Sanchez, v. STATE.
### No. 16869.

Court of Criminal Appeals of Texas.

May 30, 1934.

Oliver W. Johnson, of San Antonio, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for bigamy; punishment, three years in the penitentiary.

The record is here without statement of facts or bills of exception. All matters of procedure appear regular.

The judgment will be affirmed.

## Simmons MECASKEY v. STATE.
### No. 16902.

Court of Criminal Appeals of Texas.

June 6, 1934.

J. W. Culwell, of Amarillo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is theft; penalty assessed at confinement in the penitentiary for two years.

No fault in the indictment has been perceived. The criticism of the indictment is that the property was not sufficiently described; the description being as follows: "One front axle assembly of a 1930 Model A. Ford Truck of the value of over $50.00."

Reliance was had upon the first count of the indictment, part of which is quoted above.

The facts heard in the trial court are not brought up for review. For all that appears in the record, the evidence that was before the trial court may have evidenced the sufficiency of the description of the property. At all events, there is nothing before this court to show that the description of the property was inadequate.

The judgment is affirmed.